RYAN L. EDDINGS, Bar No. 256519
SYED H. MANNAN, Bar No. 328218
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone: (559) 244-7500
Fax No.: (559) 244-7525
reddings@littler.com
smannan@littler.com

Attorneys for Defendant
FIRST TRANSIT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BURNETT, individually, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| v. | |
| FIRST TRANSIT, INC.; a California Corporation, and DOES 1 through 50, inclusive, | Action filed in State Court: 06/19/2020; Los Angeles County Superior Court Case No. 20STCV23314 |
| Defendants. | |

**TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES' COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant FIRST TRANSIT, INC. ("First Transit" or "Defendant"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (First Transit's "Notice of Removal"). In support of its Notice of Removal, First Transit respectfully submits to this Honorable Court the following information:

**STATEMENT OF JURISDICTION (DIVERSITY)**

1. Removal jurisdiction exists because this Court has original jurisdiction over Plaintiff TIFFANY BURNETT ("Plaintiff") Complaint pursuant to

1.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither Plaintiff nor any Defendant are citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction). Here, Plaintiff was a citizen of California at the time the Complaint was filed in the Los Angeles County Superior Court and is not currently a citizen of either Delaware or Ohio. At the time Plaintiff's Complaint was filed, and also as of the time of this Removal, Defendant is a Delaware corporation with its principal place of business in Cincinnati, Ohio. As set forth herein, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## STATE COURT ACTION

2.     On or about June 19, 2020, Plaintiff filed this action in the Los Angeles County Superior Court, titled *Tiffany Burnett, individually v. First Transit, Inc., and Does 1 through 50, inclusive*, Case Number 20STCV23314, which is attached hereto as Exhibit A.  The Complaint was served on First Transit on June 23, 2020. *See* concurrently-filed Declaration of Syed H. Mannan ("Mannan Decl."), at ¶ 2.

3.     Plaintiff's Complaint purports to assert twelve causes of action against Defendant for: (i) breach of contract; (ii) promissory estoppel; (iii) promissory fraud; (iv) retaliation in violation of California Labor Code sections 1102.5 and 1102.6; (v) retaliation in violation of California Labor Code section 98.6; (vi) wrongful termination in violation of public policy; and (vii) failure to provide rest breaks in violation of California Labor Code section 226.7, (vii) failure to pay continuing wages in violation of California Labor Code section 201, 202, and 203; (ix) failure to provide adequate paystubs in violation of California Labor Code section 226, (x) failure to maintain accurate records in violation of California Labor Code section 1174, (xi) violation of the Consumer Reporting Agencies Act in violation of California Civil Code section 1786.10, *et seq.*; and for (xii) unfair competition in

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

violation of California Business and Professions Code section 17200 *et seq*.

4.      Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on or about July 22, 2020. A true and correct copy of the General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

## TIMELINESS OF NOTICE OF REMOVAL

5.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served her Complaint on June 23, 2020. Mannan Decl., at ¶ 2. Therefore, Defendant can remove this action up to July 23, 2020. *See* Fed. R. Civ. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

## VENUE

6.      Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Central District of California insofar as Defendant conducts business within Los Angeles County, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

## NOTICE TO PLAINTIFF

7.      As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff. *See* Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit C.

## NOTICE TO THE SUPERIOR COURT

8.      Defendant also filed its Notice of Removal with the Clerk of the Los Angeles County Superior Court, attached hereto as Exhibit D.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

9.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff claims that he is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

### A.     Citizenship of Parties

10.     Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. *See* Complaint, ¶ 2 ("Plaintiff is, and at all times relevant to this action was, a resident of Los Angeles County, California.").

11.     Defendant is a corporation duly organized and existing under the laws of the State of Delaware, and it maintains its principal place of business in Cincinnati, Ohio. *See* concurrently-filed Declaration of Jeff Marshall ("Marshall Decl."), at ¶ 3. Defendant is a citizen of Delaware and Ohio. Defendant is not a citizen of California.

### B.     Amount in Controversy

12.     Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

4.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

punitive damages all are included in determining the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

13.   Here, Defendant reasonably and in good faith believes that the amount put in controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on her claims for violations of the California Labor Code and for wrongful termination in violation of public policy, she would be entitled to recover the amount she would have earned up to the present date, including benefits or pay increases. See *Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970).

14.   Here, Plaintiff alleges that she was employed by Defendant as a Bus Operator beginning on November 4, 2019. Complaint, ¶ 10. Plaintiff further alleges that Defendant terminated Plaintiff's employment on or about January 30, 2020. Complaint, ¶¶ 28-31. Plaintiff represents that her last rate of pay was $14.25 per hour and further represents that she typically worked four to five days a week, between eight to twelve hours a day. Complaint, ¶ 11. Plaintiff seeks lost income from the date of her last date of employment on or about January 1, 2020, through to the present and into the future. *See* Complaint, ¶ 70, 81 (*e.g.*, As a result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages . . . . These damages include lost income, lost benefits . . . ."). As of the date of this Notice of Removal, it has been approximately 24 weeks since the Plaintiff's separation of employment with Defendant. Given Plaintiff's representation of Plaintiff's last rate of pay ($14.25), the number of hours she typically worked (between eight to twelve), and the number of days she typically worked per week (between four to five days), Plaintiff alleges to have suffered at least $11,400 in damages in the form of lost income alone as of the date of this filing ($14.25 x 8 hours x 4 days x 29 weeks), with

5.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

the damages continuing into the future through trial continuing at least the rate of $456 per week ($14.25 x 8 hours x 4 days).  Each year of front pay amounts to $23,712 ($456 per week x 52 weeks).  Although Defendant denies each of Plaintiff's allegations, if Plaintiff were to prevail on these claims, the lost income claim alone would exceed $58,824 ($11,400 in back pay + two years of front pay at $23,712 per year).

15.    Additionally, Plaintiff also seeks recovery for her breach of contract claim. Plaintiff represents that Defendant "breached its written and oral contracts with Burnett, including agreements that (1) First Transit would pay Plaintiff a $5,000 bonus **upon hire, and** (2) First Transit would abide by the payments schedule for the bonus . . . ." Complaint, ¶ 42. Plaintiff further represents that "[a]s a proximate result of Defendants' failure to perform according to the promises and representations which it made to Plaintiff, . . . Plaintiff has suffered and continues to suffer substantial losses in compensation . . . ." Complaint, ¶ 51. Although Defendant denies each of Plaintiff's allegations, this claim further augments the amount necessary to establish the jurisdictional amount required for removal.

16.    Plaintiff further seeks recovery of civil penalties associated with her claim for retaliation under California Labor Code sections 1102.5 and 1102.6, and separate civil penalties associated with her claims for retaliation under California Labor Code section 98.6. Complaint, ¶¶ 69-70, 80-82. In seeking penalties for retaliation for reporting a legal violation under California Labor Code sections 1102.5 and 1102.6, Plaintiff claims that "Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived unlawful practices." Complaint, ¶ 64. As a result, Plaintiff claims that Defendant "is liable to the employee for a civil penalty of ten thousand dollars ($10,000)." *See* Complaint, ¶¶ 69-70. In seeking penalties for retaliation under California Labor Code section 98.6, Plaintiff claims that "Pursuant to Cal. Lab. Code § 98.6(b)(3), Defendants are liable to Plaintiff for a civil penalty of ten thousand

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

dollars ($10,000) for each violation." Complaint, ¶ 80. The total claim for civil penalties put into controversy, then, amounts to at least $20,000.

17.     Plaintiff also seeks an additional one-hour wage premium for every day that Plaintiff was not provided with a proper rest period. Complaint, ¶¶ 94-98. Plaintiff claims that Defendants "never provided uninterrupted rest breaks during the workday to Plaintiff" and therefore "shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period [wa]s not provided." Complaint, ¶ 96 (internal quotation marks and citation omitted). Apart from the one hour of additional pay for each improper rest period, Plaintiff also seeks a "premium of one additional hour of pay at the employee's respective regular hourly rates for each day that a rest period was not provided." *Id.* Here, Plaintiff represents that she was employed by Defendant as a Bus Operator beginning on November 4, 2019. Complaint, ¶ 10. Plaintiff alleges Defendant terminated her employment on or about January 30, 2020.  Complaint, ¶¶ 28-31. Although Defendant denies Plaintiff's allegations, the amount put into controversy on the basis of the Plaintiff's rest period claim amounts to $ 2,479.50 ($14.25 x 2 x 87 days).

18.     Additionally, Plaintiff seeks an award of attorneys' fees in connection with her claims. Complaint, ¶¶ 98, 105, 111, 125, 132. Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of

7.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

reasonable attorneys' fees like to be recovered by plaintiff if he were to prevail). Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. See *Mitchell v. GigOptix, LLC*, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

19.   The amount in controversy also includes punitive damages unless (1) punitive damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would not be entitled to recover the jurisdictional amount. See *Anthony, supra*, 75 F.3d at 315; *St. Paul Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges that she is entitled to punitive damages for Defendant's alleged misconduct, but does not provide a total amount of the alleged punitive damages sought. *See* Complaint ¶¶ 59, 71, 82, 90. With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her claims, the punitive damages alone could exceed the jurisdictional minimum.

20.   Plaintiff also seeks damages for emotional distress in connection with her employment and breach of contract claims. Complaint, ¶ 44, 70, 81, 89 (*e.g.,* "As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount to be determined at trial according to proof.") Plaintiff's claim for emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. See

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. See, *e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), cert. denied, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result should follow here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive and statutory damages, and attorney's fees, establishes that the plaintiff's total damages more likely than not will exceed the jurisdictional amount of $75,000.

21.    Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, $166,303.50, as of the date of this Notice of Removal. This sum is reflective of a potential amount put in controversy of at least: (1) $11,400 in lost income to date; (2) $47,424 for two years of front pay; (3) $5,000 for the Defendant's alleged failure to perform a promise; (4) $20,000 in civil penalties; (5) $2,479.50 in rest period premiums; (6) $25,000 in emotional distress damages; (7) $25,000 in a possible award of punitive damages; and (8) $30,000 in attorney's fees. In addition, Plaintiff's request

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

for statutory damages under California Labor Code section 1174, and unspecified damages (or $10,000, whichever is greater) under California Civil Code section 1786.50, make it more likely than not that the total amount put in controversy exceeds the jurisdictional amount of $75,000.

22.     Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of Los Angeles, to the United States Court for the Central District of California.

Dated: July 23, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

4841-4159-9683.1 070993.1168

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

10.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 06/19/2020 03:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Floues-Hernandez,Deputy Clerk

Case 2:20-cv-06546-JAK-SK   Document 1   Filed 07/23/20   Page 12 of 56   Page ID #:12

20STCV23314

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Terry Green

Michael J. Jaurigue (SBN 208123)
   michael@jlglawyers.com
Ryan A. Stubbe (SBN 289074)
   ryan@jlglawyers.com
JAURIGUE LAW GROUP
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697

*Attorneys for Plaintiff*
Tiffany Burnett

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TIFFANY BURNETT, individually, | Case No.   20STCV23314 |
| Plaintiff, | **COMPLAINT** |
| v. | 1. Breach of Contract |
| FIRST TRANSIT, INC.; a California Corporation and DOES 1 through 50, inclusive, | 2. Promissory Estoppel |
| | 3. Promissory Fraud |
| Defendants. | 4. Retaliation for Reporting Legal Violation, Cal. Lab. C. §§ 1102.5, 1102.6 |
| | 5. Retaliation, Cal. Lab. C. § 98.6 |
| | 6. Wrongful Termination in Violation of Public Policy |
| | 7. Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 |
| | 8. Continuing Wages, Cal. Lab. Code §§ 201, 202, 203 |
| | 9. Failure to Provide Adequate Paystubs, Cal. Lab C. §226 |
| | 10. Failure to Maintain Accurate Records, Cal. Lab. C. §1174 |
| | 11. Violation of Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786.10 et seq. |
| | 12. Unfair Competition, Cal. Bus. & Prof. Code, § 17200 et seq. |
| | **DEMAND FOR JURY TRIAL** |

1

1.      Plaintiff Tiffany Burnett, individually, brings this action against Defendants, First Transit, Inc. and DOES 1 through 50, inclusive ("Defendants").

## *PARTIES*

2.      Plaintiff is, and at all times relevant to this action was, a resident of Los Angeles County, California.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant First Transit, Inc. is a corporation organized under the laws of the State of California.

4.      Plaintiff does not know the true names of Defendants Does 1 through 50, inclusive, and therefore sues them by those fictitious names.  The names, capacities, and relationships of Defendants Does 1 through 50, inclusive, will be alleged by amendment to this Complaint when the same are known to Plaintiff.

5.      Plaintiff is informed and believes and on that basis alleges, that at all times mentioned in this Complaint, each Defendant was acting as the agent, employee, partner, co-conspirator or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, at all times, was acting within the course and scope of such agency, employment, partnership, joint venture, or concert of action.

6.      First Transit, Inc. and Does 1 through 50, inclusive, are collectively referred to hereafter as "Defendants."

## *JURISDICTION AND VENUE*

7.      The amount of damages sought herein is greater than $25,000.  Hence this case is within the unlimited jurisdiction of this Court.

8.      This Court has jurisdiction over Defendant First Transit, Inc. because at all times relevant, it is and was authorized to transact, and is transacting business in Los Angeles County, California.

9.      Venue is proper in this Court pursuant to Code of Civil Procedure § 395, because the acts, events, and omissions complained of herein occurred in Los Angeles County, California.

*GENERAL ALLEGATIONS*

10.     Plaintiff Tiffany Burnett ("Plaintiff" or "Burnett") commenced her employment with First Transit on November 4, 2019 as a Bus Operator.

11.     She was earning $14.25 an hour, working 40 hours a week. She typically worked 4-5 days a week, ranging from 8-12 hours a day.

12.     On the first day of work, Burnett participated in a "in-class" training with Javier Vargas ("Javier"), her Immediate Supervisor, which lasted about 3 days. This area of training required a written exam. Burnett passed the written exam portion.

13.     Thereafter, beginning November 15, 2019 through December 2, 2019, Burnett began her training for "Air Brakes, Pre-Trip and Skills." The trainer for this phase was Francisco ("Francisco"). This training phase involves learning how to apply the brakes on a bus which is the most vital part in operating a bus, anything pre-trip related such as checking inside and outside the bus, under the hood, and running the engine continuing to check the bus. Lastly, the Skills portion is applying these learned skills to the actual test.

14.     During the "Air Brakes, Pre-Trip and Skills" portion, Burnett noticed that she was being rushed during this phase and that the training was done in a hurry. For example, Francisco didn't have enough time to give each trainee proper attention nor answer any questions posed to him.

15.     Trainees, including Burnett, would ask questions for clarification and Francisco would constantly have to rephrase, correct himself or there was not enough time to even answer any questions. There were approximately 10 trainees during this phase and Defendants were clearly understaffed.

16.     Francisco even made a comment to the Safety and Training Manager, Sara Lopez ("Sara"), in person and in the presence of Burnett and the trainees that she was rushing everyone. Sara became very agitated by this comment blaming her Supervisor, Jennifer McKibbins ("Jennifer").

17.     Despite Plaintiff's complaint and concerns and the lack of proper training, Defendant passed Burnett and the other trainees through the "Air Brakes, Pre-Trip and Skills" portion of the exam in order to move onto the next phase.

18.     After this training was completed, Burnett began training for the bus driver position, which required bus drivers to have a Class B Driver's License.

19.     Burnett was not provided the correct amount of hours required to take the exam, as she was to have been provided a total of 160 hours which included the writing, the Air Brakes, Pre-Trip and Skills and the actual driving portion of the test in order to be eligible to take the final test. However, Burnett was only provided with 106 hours out of the 160 hours required.

20.     Despite the fact that Defendants failed to provide proper training and ignored Burnett's complaints, Defendant scheduled her to take the test on December 10, 2019. Burnett failed the test.

21.     Thereafter, Burnett complained to Sara that she was not properly trained the first time and was still not being trained properly, resulting in her failing the Class B license test on her first attempt. Her supervisor told her "Well I don't know what to tell you, we don't have any more trainers to train you."

22.     Burnett complained many times that she was not receiving proper training, thus making it difficult for her to pass the test.

23.     Burnett also complained to Sara that driving a bus is not a joke and peoples' lives are at risk. Sara continued to ignore her complaints and scheduled Burnett to take the test for the second time.

24.     On December 16, 2019, Burnett was forced to take the test again, which she failed for the second time due to Defendant's lack of proper training.

25.     On January 10, 2020, Burnett reached out to Sara, inquiring about the next steps in order to be able to obtain her Class B Driver's License. Sara told her "You're going to have to handle getting your Class B License on your own."

26.     Sara said that Burnett would have to rent her own bus from the DMV and get the training on her own.

27.     Burnett had one more chance to take this test for the Class B License, but Defendants continuously denied her proper training and refused to allow Burnett another chance to take the test.

28.     From January 10, 2020 through January 30, 2020, Burnett waited to hear from Defendants, but she never did.

29.     On January 28, 2020 and January 30, 2020, Burnett sent a text message to Jennifer letting her know how she felt and the problems with the training. Jennifer acknowledged her text by replying that she would reach out to the General Manager stating "I will get back to you as soon as I hear back

from him." Burnett never received a response and never heard back from Jennifer.

30. Burnett drove to Defendants' location to see if she could meet with Sara or Jennifer. Neither woman was available.

31. After waiting for several weeks and exhausting all her efforts, Burnett finally gave up as it was clear by·this point that Defendants' conduct demonstrated she was terminated.

32. For the duration of Burnett's employment, she never received any rest breaks even though she was required to work 8 to 12-hour shifts. Despite this, Francisco, forced Burnett to sign off on her timesheet that she took her rest breaks, when in reality she did not.

33. On information and belief, Plaintiff alleges that Defendants terminated her employment due to her complaints of unsafe working conditions, including lack of adequate training, and her complaints that Defendants failed to provide her rest breaks.

34. On or around the beginning of December 2019, Plaintiff complained to Francisco that she was not provided with any rest breaks as required by California law. Additionally, Plaintiff did not want to sign off on her timesheet indicating that she received her rest breaks when in reality she didn't. In response, Francisco told her "even if you didn't get a break, you still have to write it on your timesheet or else I'll get in trouble with Sara."

35. On one occasion, Burnett overheard Francisco make a comment that if the trainees do not sign their timesheet indicating that they took a rest break, even though they did not, that Francisco and Sara, could potentially "get in trouble" with Defendant.

36. Finally, when Burnett applied for the position, she received an email indicating that upon hire, she was to receive a $5,000 bonus. During one of the training days, Javier, her Immediate Supervisor, provided Burnett with a schedule of when the payments would be received, but she never received her $5,000 bonus at any time during her employment.

37. Further, the 'Background Check Authorization Document' disclosure Burnett signed clearly did not comply with the ICRAA, as it stated that by Burnett providing her signature, she authorizes First Transit to order additional background reports without asking for her authorization again for 1) during her employment, and 2) from a consumer reporting agency ("CRA") other than HireRight, the Company's current consumer reporting agency.

# FIRST CAUSE OF ACTION

## Breach of Contract

### (On Behalf of Plaintiff Against All Defendants)

38.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

39.     Plaintiff was employed with Defendants under a contract that was partly written, partly oral, and partly implied. The terms of the contract relied on by Plaintiff included but were not limited to: (a) written personnel policies which provided that: (i) if an employee was performing unsatisfactorily the employee would be disciplined in accordance with defendant employer's progressive disciplinary steps; and (ii) employees would be treated fairly and in accordance with the laws of the State of California; and (b) Plaintiff had a contract of employment for so long as Plaintiff's performed Plaintiff's job in a satisfactory manner, and demotion or discharge could only be for good cause proven and then would be carried out only in accordance with the stated written policies of Defendants.

40.     Defendants breached their contract with Plaintiff by: (a) refusing to give Plaintiff the opportunity to succeed at Plaintiff's job; (b) failing to adequately train Plaintiff so she could succeed at her job; (c) failing to treat Plaintiff in accordance with Defendants' stated policies; (d) terminating Plaintiff in breach of the promises made to Plaintiff; (e) failing to provide Plaintiff with the $5,000 bonus, and (f) terminating Plaintiff without following Defendants' policies and practices.

41.     Defendants have refused and continue to refuse to allow Plaintiff the benefits of Plaintiff's employment contract and to perform under this contract in the agreed-on manner.

42.     First Transit has breached its written and oral contracts with Burnett, including agreements that (1) First Transit would pay Plaintiff a $5,000 bonus **upon hire, and** (2) First Transit would abide by the payments schedule for the bonus, as provided to Plaintiff by Javier. As a result of these breaches, First Transit is liable to Plaintiff and still owes Plaintiff her promised bonus.

43.     As a direct, foreseeable, and proximate result of Defendants' breach, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount to be proven at trial.

44.     As a further direct and proximate result of Defendants' unlawful conduct, plaintiff has

6

1    suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and

2    depression. Plaintiff claims these amounts together with prejudgment interest pursuant to Civ. Code §

3    3287 and pursuant to any other provision of law providing for prejudgment interest.

### SECOND CAUSE OF ACTION

*Promissory Estoppel*

*(On Behalf of Plaintiff Against All Defendants)*

7    45.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

8    forth in this Complaint.

9    46.    Defendants, through their agents and employees, made certain promises to Plaintiff,

10   including, but not limited to that **upon hire**, Plaintiff would receive a $5,000 bonus. First Transit even

11   provided Plaintiff with a payment schedule as to the promised bonus.

12   47.    The payment schedule was to be as follows: $1,500 to be received on November 29,

13   2019, the second payment of $1,500 to be received on December 27, 2019, a third payment of $500 to

14   be received in February 2020 and the final payment of $1,500 to be received in April of 2020.

15   48.    Plaintiff foreseeably relied on First Transit's promise by accepting the position and

16   working for First Transit. However, First Transit never paid Plaintiff the $5,000 bonus. Under the

17   doctrine of promissory estoppel, it is too late for First Transit to renege.  First Transit must honor its

18   prior promise to Plaintiff and must pay her the $5,000.

19   49.    In making these promises to Plaintiff, Defendants knew or should have known that these

20   promises would induce Plaintiff to accept employmnet with Defendants, continue active employment

21   and to forego other options and opportunities in reasonable reliance on Defendants' promises and

22   representations.

23   50.    Plaintiff reasonably relied on Defendants' promises and representations as set forth in this

24   Complaint and was induced by those promises and representations to accept employment with

25   Defendants and forego other options and opportunities.

26   51.    As a proximate result of Defendants' failure to perform according to the promises and

27   representations which it made to Plaintiff and Plaintiff's reliance on those promises to Plaintiff's

28   detriment, Plaintiff has suffered and continues to suffer substantial losses in compensation all to

Plaintiff's damage in an amount to be proven at the time of trial.

### THIRD CAUSE OF ACTION

*Promissory Fraud*

*(On Behalf of Plaintiff Against All Defendants)*

52.     Plaintiff incorporates herein by reference all allegations of this Complaint.

53.     First Transit never intended to perform its repeated promises to Burnett that upon hire, Burnett would receive a $5,000 bonus. On October 21, 2019, after Burnett submitted her application to First Transit, she received an email confirming that her application was received stating in the subject line " *Confirmation of application start for Airport Shuttle Driver - $5,000 Sign-On Bonus*."

54.     First Transit knew that they did not intend to pay the bonus, but sent the confirmation email anyway. First Transit's fraudulent conduct warrants an award of punitive damages against First Transit.

55.     Defendants did not intend to perform the foregoing promises when made.  Instead, on information and belief, Defendants intended to induce Plaintiff into applying for the position and accepting an offer of employment, but never intended to perform as to the terms of the promise made.

56.     Ultimately, Defendants did not perform the promised act.

57.     Plaintiff reasonably relied on Defendants' promises.

58.     Plaintiff's reliance on Defendants' promises was a substantial factor in causing Plaintiff's harm.

59.     On information and belief, Defendants, and each of them, acted with malice, oppression, and fraud in intending to harm Plaintiff by using false promises and statements to induce Plaintiff to enter accept the position, all while Defendants did not intend to extend the term of the Agreement, so that they could provide Plaintiff with the bonus.  Thus, Plaintiff is entitled to punitive damages.

### FOURTH CAUSE OF ACTION

*Retaliation for Reporting Legal Violation*

*Cal. Lab. C. §§ 1102.5, 1102.6*

*(On Behalf of Plaintiff Against All Defendants)*

60.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

forth in this Complaint.

61. Cal. Lab. Code § 1102.5 provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

62. Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

63. Plaintiff complained to Defendants regarding certain practices by Defendants that Plaintiff reasonably believed were unlawful, including the fact that she was not receiving proper training for the Bus Driver position and not provided with rest breaks.

64. Plaintiff complained about those perceived legal violations to persons with authority over Plaintiff and other employees of Defendants that had the authority to investigate, discover, or correct those legal violations.

65. Plaintiff had a reasonable belief that the inadequate training and lack of rest breaks violated local, state and/or federal law.

66. As a result of the foregoing complaints by Plaintiff, Defendants retaliated against Plaintiff by terminating Plaintiff, rather than taking appropriate actions to investigate or correct the perceived unlawful practices.

67. Plaintiff was harmed.

68. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

69. Labor Code §1102.5 provides that an employer who violates these sections, is liable to the employee for a civil penalty of ten thousand dollars ($10,000.00).

70. As a result of Defendants' conduct, Plaintiff has incurred and will continue to incur damages in an amount to be proven at trial. These damages include lost income, lost benefits, great anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in the hiring of legal counsel.

71.   The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### FIFTH CAUSE OF ACTION

*Retaliation*

*Cal. Lab. C. § 98.6*

*(On Behalf of Plaintiff Against All Defendants)*

72.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

73.   Cal. Lab. Code § 98.6 provides:

> (a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee . . . because the employee . . . engaged in any conduct delineated in this chapter, including . . . Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee . . . or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

> (b)(1) Any employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including . . . Chapter 5 (commencing with Section 1101) of Part 3 of Division 2 . . . shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer.

74.   Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

75.   Plainitiff complained that she was not receiving her mandated rest breaks.

76.   Plaintiff made complaints to Defendants about perceived legal violations, as alleged above.

77.   Defendants retaliated against Plaintiff by terminating Plaintiff's employment, rather than

1    investigating or addressing Plaintiff's complaints.

2         78.    Plaintiff was harmed.

3         79.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

4         80.    Pursuant to Cal. Lab. Code § 98.6(b)(3), Defendants are liable to Plaintiff for a civil

5    penalty of ten thousand dollars ($10,000) for each violation.

6         81.    As a result of Defendants' conduct, Plaintiff has incurred and will continue to incur

7    damages in an amount to be proven at trial.  These damages include lost income, lost benefits, great

8    anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and legal fees and costs in

9    the hiring of legal counsel.

10        82.    The conduct of Defendants and each of them as described above was malicious,

11   fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights.

12   Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and

13   ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages

14   against each of said Defendants.

15                          ***SIXTH CAUSE OF ACTION***

16                *Wrongful Termination in Violation of Public Policy*

17                   *(On Behalf of Plaintiff Against All Defendants)*

18        83.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set

19   forth in this Complaint.

20        84.    Defendants were Plaintiff's employer, and Plaintiff was Defendants' employee.

21        85.    Defendants terminated Plaintiff for reasons that violate public policy, i.e., her complaints

22   of failure to receive rest breaks and complaints of safety violations and inadequate training.

23        86.    Plaintiff was harmed when Defendants terminated her in violation of Government Code

24   section 12940 due to her complaints of unlawful activity.

25        87.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

26        88.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff

27   has suffered and continues to sustain substantial losses in earnings and other employment benefits in an

28   amount to be determined at trial according to proof.

89.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to her damage in an amount to be determined at trial according to proof.

90.     The conduct of Defendants and each of them as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and each of them, and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### SEVENTH CAUSE OF ACTION

*Failure to Provide Rest Breaks*

*Cal. Lab. Code § 226.7; Wage Order 9*

*(On Behalf of Plaintiff Against All Defendants)*

91.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

92.     Labor Code section 226.7 provides that "[a]n employer shall not require an employee to work during a . . . rest . . . period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(b).  During each rest period, employers must relieve their employees of *all* work-related duties and employer control. *See Agustus v. ABM Security Services, Inc.*, 211 Cal.Rptr.3d 634, 647 (2016).

93.     Wage Order 9 of the Industrial Welfare Commission, in turn, provides:

> (A)     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

> (B)     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8 Cal. Code. Regs. § 11090, subsec. 12.

94.     On information and belief, Plaintiff alleges that Defendants never provided uninterrupted rest breaks during the workday to Plaintiff.

95.     By failing to furnish Plaintiff with rest periods throughout Plaintiff's employment, Defendants violated Wage Order 9 and Labor Code section 226.7.

96.     Labor Code section 226.7 provides that any employer that "fails to provide an employee a . . . rest . . . period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission . . . shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the . . . rest period [wa]s not provided." Cal. Lab. Code § 226.7(c).  Defendants are therefore liable to Plaintiff under section 226.7(c) for a premium of one additional hour of pay at the employee's respective regular hourly rates for each day that a rest period was not provided.  This premium is separate from the premium due on account of Defendants' failure to furnish meal periods. *United Parcel Service, Inc. v. Super. Ct.*, 196 Cal. App. 4th 57, 70 (2011).

97.     Defendants' failure to comply with section 226.7 and the applicable Wage Order subjects Defendants to liability for civil penalties, damages, and restitution.

98.     Accordingly, Defendants are liable to Plaintiff under section 226.7 of the Labor Code for damages according to proof, interest thereon, civil penalties, attorneys' fees, and costs of suit.

### EIGHTH CAUSE OF ACTION

*Continuing Wages*

*Cal. Lab. Code §§ 201, 202, 203*

*(On Behalf of Plaintiff Against All Defendants)*

99.     Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

100.    Labor Code section 201 provides, in pertinent part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).

101.    Likewise, Labor Code section 202 provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

*Id.* § 202(a).

102.　Labor Code section 203(a) provides in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with [s]ections 201 . . . [or] 202, . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

*Id.* § 203(a).

103.　As detailed above, in violation of California law, Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked, including premium payments for missed rest periods.

104.　Defendants have terminated the employment of Plaintiff, yet she is still owed compensation for all wages earned and all hours worked, including missed rest periods.  Accordingly, Plaintiff is entitled to the continuing wages set forth in section 203.

105.　Pursuant to Labor Code section 203, Plaintiff is entitled to continuing wages for up to thirty days, restitution and damages according to proof, interest thereon, civil penalties, attorneys' fees, and costs of suit.

### NINTH CAUSE OF ACTION

*Failure to Provide Adequate Pay Stubs*

*Cal. Lab. Code § 226*

*(On Behalf of Plaintiff Against All Defendants)*

106.　Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

107.　Defendants employed Plaintiff but failed to provide her with the data required by section

14

226(a) of the Labor Code.

108.    Specifically, section 226, subdivision (a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee •whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of [s]ection 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer ... , and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ....

Cal. Lab. Code § 226(a).

109.    Section 226 goes on to state:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

*Id.* § 226(e)(1). As to "injury," section 226 provides:

> An employee is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by any one or more items (1) to (9), inclusive, of subdivision (a) and the employer cannot promptly and easily determine from the wage statement alone one or more of the following:
>
> (i)    The amount of the gross wages or net wages paid to the employee during the pay period ...

15

*Id.* § 226(e)(2)(B). As also set forth in section 226, the term "'promptly and easily determine' means a reasonable person would be able to readily ascertain the information without reference to other documents or information." *Id.* § 226(e)(2)(C).

110. Defendants did not provide Plaintiff with accurate statements, as they failed to include accurate gross wages and net wages. Because a reasonable person necessarily would need to refer to extrinsic documents or information to determine this information, Plaintiff suffered injury under section 226(a).

111. Accordingly, because Defendants failed to provide the information required by Labor Code section 226, Defendants are liable to Plaintiff for statutory damages, attorneys' fees and costs.

## TENTH CAUSE OF ACTION

### Failure to Maintain Accurate Records

#### Cal. Lab Code § 1174

##### (On Behalf of Plaintiff Against All Defendants)

112. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

113. Cal. Lab. Code § 1174 provides:

> Every person employing labor in this state shall:
>     (d)    Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments...
> Cal. Lab. Code § 1174 (emphasis supplied)

114. Cal. Lab. Code § 1174.5 provides:

> Any person employing labor who willfully fails to maintain ... accurate and complete records required by subdivision (d) of Section 1174 ... shall be subject to a civil penalty of five hundred dollars ($500).

115. Defendants failed to comply with Cal. Lab. Code § 1174 by failing to maintain accurate records with respect to hours worked and wages paid for Plaintiff.

116. Accordingly, Defendants are liable to Plaintiff for statutory damages and costs.

### ELEVENTH CAUSE OF ACTION

*Violation of Investigative Consumer Reporting Agencies Act*

*Cal. Civ. Code § 1786.10 et seq.*

*(On Behalf of Plaintiff Against All Defendants)*

117.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

118.    The Investigative Consumer Reporting Agencies Act, Civ. Code §§ 1786 *et seq.* (the "ICRAA") requires that when an investigative consumer report is sought for employment purposes other than promotion or reassignment, the person procuring or causing the report to be made must, not later than three days after the date on which the report was first requested, disclose to the consumer in writing that an investigative consumer report regarding the consumer's character, general reputation, personal characteristics, and mode of living will be made, the name of the consumer reporting agency conducting the investigation, and a summary of the provisions of Civ. Code § 1786.22.  Additionally, the ICRAA requires an employer to provide the consumer a way to indicate, by means of a check box, whether the consumer wishes to receive a copy of any report that is prepared.  The ICRAA further requires that when an applicant is denied employment wholly or partly because of an investigative consumer report, the employer must provide a statement so advising the applicant and supply the applicant with the name and address of the issuing agency.

119.    Specifically, Civil Code section 1786.16(a)(2) provides in relevant part:

> (2)    If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
> ...
> (B)    The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure that:
> (i) An investigative consumer report may be obtained.
> (ii) The permissible purpose of the report is identified.
> (iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv)   identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

120.   Civil Code section 1786.16(b) provides in relevant part:

(b)   Any person [intending to use the information for employment purposes] who requests an investigative consumer report ... shall do the following:

(1)   Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer. The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them.

(2) Comply with Section 1786.40, if the taking of adverse action is a consideration.

121.   Defendants procured an investigative consumer report of Plaintiff for employment purposes, other than suspicion of wrongdoing or misconduct.

122.   On information and belief, Defendants did not make a clear and conspicuous written disclosure to Plaintiff in a document consisting solely of the disclosure, as required by Cal. Civ. Code § 1786.10(a)(2). On information and belief, Defendants failed to obtain Plaintiff's written authorization for Defendants to procure the report.

123.   Plaintiff suffered harm when Defendants failed to comply with the requirements of the Investigative Consumer Reporting Agencies Act.

124.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

125.    Under Civil Code section 1786.50, Plaintiff is entitled to recover actual damages or, except in the case of class actions, ten thousand dollars ($10,000), whichever is greater, plus attorney's fees and costs.

126.    The conduct of Defendants, and each of them, as described above was grossly negligent or willful.  Consequently, Plaintiff is entitled to punitive damages against each of said Defendants.

### TWELVTH CAUSE OF ACTION

*Unfair Competition*

*Cal. Bus. & Prof. Code § 17200 et seq.*

*(On Behalf of Plaintiff Against All Defendants)*

127.    Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

128.    As alleged above, Defendants have failed to provide Plaintiff all required rest breaks, have failed to pay Plaintiff the required pay premiums for Plaintiff's missed breaks, failure to maintain required records, failure to provide accurate wage statements, and failured to pay all wags due upon separation.

129.    On information and belief, by violating the provisions of the Labor Code and Wage Orders, Defendants have gained a competitive advantage and unfairly injured competitors in violation of Cal. Bus. & Prof. Code § 17203.

130.    The victims of these unfair and illegal business practices include, but are not limited to Plaintiff, Defendants' other employees, competing businesses, and the general public.  Plaintiff is informed and believes, and based thereon alleges, Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage.

131.    The identity of the precise persons to whom restitution should be made is a matter that can be ascertained from Defendants' records, which they are required to keep and maintain.

132.    Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest," as "a significant benefit, whether pecuniary or

1   nonpecuniary, [will] be[] conferred on . . . a large class of persons." Cal. Civ. Proc. Code § 1021.5.

2   Because "the necessity and financial burden of private enforcement . . . are such as to make [an

3   attorney's fees] award appropriate, and [because attorney's fees] should not in the interest of justice be

4   paid out of the recover, if any," Plaintiff requests an award of reasonable attorneys' fees pursuant to

5   section 1021.5 of the California Code of Civil Procedure. *Id.*

6        133.    Pursuant to Business and Professions Code section 17203, Plaintiff requests restitution

7   and disgorgement of wages and premiums wrongfully retained by Defendants in violation of Business

8   and Professions Code sections 172000 *et seq.*

9                              ***PRAYER FOR RELIEF***

10        WHEREFORE, Plaintiff respectfully requests the following relief:

11        1.    For an award of compensatory damages, including without limitation lost wages,

12   earnings, benefits, and other compensation, according to proof, as well as damages for emotional

13   distress and pain and suffering, according to proof as allowed by law;

14        2.    For an award of punitive damages as allowed by law;

15        3.    For a declaratory judgment that Defendant has violated California public policy;

16        4.    For an award of prejudgment and post-judgment interest;

17        5.    For award of reasonable attorneys' fees;

18        6.    For all costs of suit; and

19        7.    For an award of any other and further legal and equitable relief as the Court deems just

20   and proper.

21

22   Dated: June 19, 2020                    JAURIGUE LAW GROUP

23                             *Michael Jaurigue*

24                            Michael J. Jaurigue

25                            Ryan A. Stubbe

26                            *Attorneys for Plaintiff*
                         Tiffany Burnett

27

28

*DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all causes of action.

Dated: June 19, 2020

JAURIGUE LAW GROUP

*Michael Jaurigue*
_____

Michael J. Jaurigue
Ryan A. Stubbe
*Attorneys for Plaintiff*
Tiffany Burnett

21

COMPLAINT

EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 07/22/2020 10:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:20-cv-06546-JAK-SK   Document 1   Filed 07/23/20   Page 34 of 56   Page ID #:34

RYAN L. EDDINGS, Bar No. 256519
SYED H. MANNAN, Bar No. 328218
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone:   559.244.7500
Fax No.:       559.244.7525
reddings@littler.com
smannan@littler.com

Attorneys for Defendant
FIRST TRANSIT, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| TIFFANY BURNETT, individually,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.; a California Corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 20STCV23314<br><br>**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE TERRY GREEN<br><br>Trial Date: TBD<br>Complaint Filed: June 19, 2020 |

Defendant FIRST TRANSIT, INC. ("Defendant"), answering the Complaint of Plaintiff TIFFANY BURNETT ("Plaintiff") for itself alone and for no other Defendants, hereby answers Plaintiff's unverified Complaint (the "Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of said Defendant.

/ / /

/ / /

1.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof or persuasion, and incorporating herein by reference each and every allegation made in the General Denial, Defendant asserts the following affirmative defenses. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal facts in support of the following:

**FIRST AFFIRMATIVE DEFENSE**

1.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

3.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

4.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

6.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     As a separate and distinct affirmative defense, Defendant alleges that to the extent further investigation and discovery reveals any after-acquired evidence that bars any or certain

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

8. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff was an at-will employee at all relevant times, with no entitlement to continued employment pursuant to California Labor Code section 2922.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate and distinct affirmative defense, Defendant is informed and believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are barred by her failure to comply with the terms, conditions, covenants, and promises required to be performed by Plaintiff in accordance with the policy, or any other agreement or agreements, including but not limited to the applicable collective bargaining agreement(s).

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to take a reasonable affirmative action to mitigate her damages as they are alleged in the Complaint, and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the extent that Plaintiff has failed to mitigate her damages, if any, including but not limited to her failure to make reasonable efforts to seek and retain subsequent employment substantially similar to her employment with Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if any discriminatory, retaliatory, or otherwise unlawful motive existed in connection with any actions

/ / /

3.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1   taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in the same
2   conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

3   ### THIRTEENTH AFFIRMATIVE DEFENSE

4   13.   As a separate and distinct affirmative defense, Defendant alleges that the
5   Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendant
6   acted reasonably in good faith, in conformity with and in reliance on written administrative
7   regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies,
8   and on the basis of a good-faith and reasonable belief that it had complied fully with applicable law.

9   ### FOURTEENTH AFFIRMATIVE DEFENSE

10   14.   As a separate and distinct affirmative defense, Defendant alleges that the
11   Complaint and each cause of action set forth therein cannot be maintained against Defendant because
12   Defendant's acts or omission alleged in the Complaint were protected by the managerial privilege as
13   all actions taken with respect to Plaintiff were undertaken and exercised with proper managerial
14   discretion in good faith, and for legitimate, lawful reasons.

15   ### FIFTEENTH AFFIRMATIVE DEFENSE

16   15.   As a separate and distinct affirmative defense, Defendant alleges, without
17   admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any
18   such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a
19   result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons
20   without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to
21   Defendant at the time it acted.

22   ### SIXTEENTH AFFIRMATIVE DEFENSE

23   16.   As a separate and distinct affirmative defense, Defendant alleges that any
24   unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or
25   employees were outside the course and scope of their employment and authority, and such acts, if any,
26   were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should
27   not have known of such conduct.

28   ///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust administrative remedies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all grievance and/or complaint procedures.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because at all relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established internal grievance and/or complaint procedure and any preventive or corrective opportunities provided to her by Defendant or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's procedures would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because

5.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure sections 335.1, 337(a), 338(a), 338(d), and 339(l), and California Civil Code section 1786.52.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other sources, including but not limited to unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical, mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, et seq., and California Labor Code section 132(a) and accordingly, this Court lacks subject matter jurisdiction over said claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, because (1) any actions, conducts, statements, or omissions alleged in the Complaint were not taken with advance knowledge, conscious disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any officer, director, or managing agent thereof; (2) Defendant's good faith efforts to prevent discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and (3) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the recovery of punitive damages under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable. (See Cal. Civ. Code, § 3294(b).)

/ / /

/ / /

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2          25.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

3     is not entitled to recover punitive, exemplary, and/or emotional distress damages on the grounds that

4     any award of punitive, exemplary, or emotional distress damages under California law in general,

5     and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under

6     provisions of the United States and California Constitutions, including but not limited to the equal

7     protection and due process clauses of the Fifth and Fourteenth Amendments of the United States

8     Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment

9     of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the

10    California Constitution.

11    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12          26.     As a separate and distinct affirmative defense, Defendants allege that if Plaintiff

13    has suffered any emotional distress as alleged in Plaintiff's Complaint, such emotional distress was

14    proximately caused by factors other than Plaintiff's employment, the actions of Defendants and/or

15    anyone acting on Defendants' behalf.

16    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

17          27.     Defendant alleges that some or all of Plaintiff's claims for damages are barred

18    by the doctrine of set-off.

19    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

20          28.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

21    Complaint cannot be maintained because purported cause of action contained therein, is barred in

22    whole or in part by the *de minimis* doctrine.

23    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

24          29.     As a separate and distinct affirmative defense, Defendant alleges that it was not

25    required to and/or did not fail to provide rest periods pursuant to the California Labor Code, applicable

26    wage orders issued by the Industrial Wage Commission, or any other basis.

27    / / /

28    / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

## THIRTIETH AFFIRMATIVE DEFENSE

30.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, to the extent that the laws asserted governing meal and rest breaks conflict with federal or California regulation of transportation or the transportation industry.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred because if Plaintiff did not take meal or rest breaks, it was because she (1) failed to take breaks that were provided to her in compliance with California law, (2) chose not to take the breaks that were authorized and permitted, or (3) waived her right to rest breaks

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered or sustained any loss, damage or injury, Defendant is not liable for such damages as Defendant would be entitled to indemnification from third persons and/or entities.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    As a separate and distinct affirmative defense, without admitting that any violation took place, Defendant alleges that any alleged failure to provide Plaintiff with wage statements in conformity with Labor Code section 226, to maintain records pursuant to Labor Code section 1174, to pay Plaintiff timely and properly, or any other alleged violation of the California Labor Code, was not knowing, intentional, or willful, and was the responsibility of third parties.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    As a separate and distinct affirmative defense, Defendant alleges that all of its purported contractual obligations alleged in the Complaint, and any purported duties or obligations, contractual or otherwise, which Plaintiff claims is owed by Defendant, have been fully performed, satisfied, and/or discharged.

/ / /

/ / /

/ / /

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Defendant alleges that the enforceability of any purported contract, promise, and/or agreement in the Complaint is barred by the failure of conditions precedent, concurrent, or subsequent.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     As a separate and distinct affirmative defense, the Complaint and each cause of action set forth therein cannot be maintained against Defendant because of impossibility and/or impracticability of performance and/or events have occurred that have frustrated the purpose of the purported contract.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     As a separate and distinct affirmative defense, the Complaint and each cause of action set forth therein cannot be maintained against Defendant because of lack of consideration for the purported contract.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

38.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein cannot be maintained because Plaintiff has not established the existence of a valid contract, whether oral, written, or implied.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein cannot be maintained because each cause of action is unenforceable to the extent that they are based upon a purported contract with Plaintiff inasmuch as the terms of such contract are too vague, indefinite and uncertain to be enforced.

### FORTIETH AFFIRMATIVE DEFENSE

40.     As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred by the doctrine of accord and satisfaction.

/ / /

/ / /

/ / /

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.     Without admitting that any contract has been formed between the parties, Defendant alleges that Plaintiff's claim for breach of contract is barred because the purported contract upon which it is allegedly based is unenforceable because it is illegal, void and/or unconscionable.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.     As a separate and distinct affirmative defense, Defendant alleges that to the extent that any agreements, promises and/or covenants were made by Defendant (and Defendant denies that any were made), Plaintiff's reliance upon said agreements, promises or covenants was unreasonable.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.     Without admitting that any contract has been formed between the parties, Defendant alleges that Plaintiff's claim for breach of contract is barred because Defendant's obligations, if any, have been extinguished pursuant to section 1495 of the Civil Code because Plaintiff was not able or willing to perform according to any offer by her to perform her obligations under the contract, if any.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44.     As a separate and distinct affirmative defense, Defendant alleges that one or more agreements or covenants alleged in the Complaint are barred by the Statute of Frauds.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.     Without admitting that any contract has been formed between the parties, Defendant alleges that Plaintiff's claim for breach of contract is barred due to reformation.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred in whole or in part by their own breach of the covenant of good faith and fair dealing.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.     As a separate and distinct affirmative defense, without admitting the existence of a contract, Defendant alleges that to the extent any agreements, promises and/or covenants were

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

made by Plaintiff, which Defendant denies, Plaintiffs' reliance upon said agreements, promises or covenants was unreasonable.

### FORTY-EIGHT AFFIRMATIVE DEFENSE

48.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' causes of action for misrepresentation are barred because Defendant had a good faith and reasonable belief in all representations they made to Defendants.

### FORTY-NINTH AFFIRMATIVE DEFENSE

49.     As a separate affirmative defense, Defendant alleges that it has maintained reasonable procedures to comply with applicable law at all times relevant to the Complaint, it complied with the Investigative Consumer Reporting Agency Act ("ICRAA") (Civil Code § 1786 et seq.) in the handling of Plaintiff's report, and is therefore entitled to each and every defense stated in and available under the ICRAA and to all limitations of liability.

### FIFTIETH AFFIRMATIVE DEFENSE

50.     As a separate and distinct defense, Defendant alleges that the Complaint is barred in whole or in part because Plaintiffs failed to comply fully with procedures available and/or required under the ICRAA to address their concerns and/or otherwise failed to take reasonable steps to avoid harm.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

51.     As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that the Complaint and each cause of action alleged therein cannot be maintained against Defendant because the resolution of Plaintiff's Complaint is substantially dependent on analysis of a Collective Bargaining Agreement that governs Plaintiff's employment, and is therefore preempted by Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a).

### FIFTY-SECOND AFFIRMATIVE DEFENSE

52.     As a separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that the Complaint and each cause of action alleged therein cannot be

/ / /

11.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704 2225
559.244.7500

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1  maintained against Defendant insofar as those claims are preempted by the National Labor Relations

2  Act, 29 U.S.C. § 151 *et seq.*, and therefore this Court lacks subject matter jurisdiction over said claims

3  ### RESERVATION OF ADDITIONAL DEFENSES

4  Defendant alleges that because the Complaint is couched in conclusory terms, all

5  affirmative defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to

6  assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

7  is reserved.  In addition, Defendant reserves the right to amend this answer should Defendant later

8  discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

9  should a change in the law support the inclusion of new and/or additional affirmative defenses.

10  ### JURY DEMAND

11  Defendant requests trial by jury on all causes of action triable to a jury.

12  ### PRAYER

13  WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

14  1.    That Plaintiff takes nothing by the way of the Complaint on file herein;

15  2.    That judgment be awarded in favor of Defendant;

16  3.    That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

17  4.    That Defendant be awarded all costs of suit incurred by it in this action;

18  5.    That Defendant be awarded its reasonable attorneys' fees; and

19  6.    For such other and further relief as the Court may deem just and proper.

20

21  Dated:      July 22, 2020

22

23

24  RYAN L. EDDINGS
    SYED H. MANNAN

25  LITTLER MENDELSON, P.C.
    Attorneys for Defendant

26  FIRST TRANSIT, INC.

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

12.

**DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

1

## PROOF OF SERVICE

2

       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On July 22, 2020, I served the within document(s):

3

4

       **DEFENDANT FIRST TRANSIT, INC.'S GENERAL DENIAL
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

5

6

☐     **By personal service.**  I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

7

8

9

10

11

12

☐     **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

13

14

    ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

    ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

16

17

18

19

       I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

20

21

☐     **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

22

23

24

☐     **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Michael J. Jaurigue, Esq.                    *Counsel for Plaintiff*
Ryan A. Stubbe, Esq.
JAURIGUE LAW GROUP
300 West Glenoaks Blvd., Suite 300
Glendale, California 91202
Telephone: 818.630. 7280
Facsimile: 888.879. 1697
michael@jlglawyers.com
ryan@jlglawyers.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 22, 2020, at Fresno, California.

_____
Jennifer A. Drudge

4823-6640-1220.1 070993.1168

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559.244.7500

PROOF OF SERVICE

EXHIBIT "C"

RYAN L. EDDINGS, Bar No. 256519
SYED H. MANNAN, Bar No. 328218
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone:    559.244.7500
Fax No.:    559.244.7525
reddings@littler.com
smannan@littler.com

Attorneys for Defendant
FIRST TRANSIT, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| TIFFANY BURNETT, individually,<br><br>               Plaintiff,<br><br>      v.<br><br>FIRST TRANSIT, INC.; a California Corporation and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. 20STCV23314<br><br>**DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE TERRY GREEN<br><br>Trial Date: TBD<br>Complaint Filed: June 19, 2020 |

TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 23, 2020, Defendant FIRST TRANSIT, INC. ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in the United States District Court for the Central District of California. A true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit 1.

Dated:    July 23, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST TRANSIT, INC.

4834-4445-1266.1

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1.

DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1

**PROOF OF SERVICE**

2

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On July 23, 2020, I served the within document(s):

3

4

5

     **DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

6

☐    **By personal service.**  I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

7

8

9

10

11

12

☐    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

13

14

    ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

16

17

18

    ☐   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19

20

     I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Fresno, California**.

21

☐    **By overnight delivery.**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

22

23

24

☐    **By messenger service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

PROOF OF SERVICE

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Michael J. Jaurigue, Esq.                         *Counsel for Plaintiff*
Ryan A. Stubbe, Esq.
JAURIGUE LAW GROUP
300 West Glenoaks Blvd., Suite 300
Glendale, California 91202
Telephone: 818.630. 7280
Facsimile: 888.879. 1697
michael@jlglawyers.com
ryan@jlglawyers.com

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 23, 2020, at Fresno, California.

_____
Jennifer A. Drudge

4823-6640-1220.1 070993.1168

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.

PROOF OF SERVICE

EXHIBIT "D"

1   RYAN L. EDDINGS, Bar No. 256519
SYED H. MANNAN, Bar No. 328218
2   LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
3   Fresno, CA 93704.2225
Telephone:   559.244.7500
4   Fax No.:   559.244.7525
reddings@littler.com
5   smannan@littler.com

6   Attorneys for Defendant
FIRST TRANSIT, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10   TIFFANY BURNETT, individually,      Case No. 20STCV23314

11            Plaintiff,       **DEFENDANT FIRST TRANSIT, INC.'S**
**NOTICE TO STATE COURT OF REMOVAL**
12      v.                   **OF CIVIL ACTION TO FEDERAL COURT**

13   FIRST TRANSIT, INC.; a California    ASSIGNED FOR ALL PURPOSES TO
Corporation and DOES 1 through 50,    JUDGE TERRY GREEN
14   inclusive,

15            Defendants.     Trial Date: TBD
Complaint Filed: June 19, 2020

16

17             TO THE CLERK OF THE ABOVE-TITLED COURT:

18          PLEASE TAKE NOTICE that on July 23, 2020, the above-captioned matter was

19   removed from the Superior Court of the State of California, County of Los Angeles, where it was

20   previously pending, to the United States District Court for the Central District of California, pursuant

21   to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of the Notice of Removal filed by Defendant FIRST

22   TRANSIT, INC., is attached hereto as Exhibit 1.

23          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

24   of a Notice of Removal in the United States District Court, together with the filing of a copy of a

25   Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

26   may proceed no further unless and until the case is remanded.

27   ///

28   ///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

1

2   Dated:       July 23, 2020

3

4                                     RYAN L. EDDINGS
                                      SYED H. MANNAN
5                                     LITTLER MENDELSON, P.C.
                                      Attorneys for Defendant
6                                     FIRST TRANSIT, INC.

7
    4817-5165-6386.1
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704. On July 23, 2020, I served the within document(s):

**DEFENDANT FIRST TRANSIT, INC.'S NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

    ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California**.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

1

☐  **By fax transmission.**  Based on an agreement of the parties to accept service by
2      fax transmission, I faxed the documents to the persons at the fax numbers listed
       below. No error was reported by the fax machine that I used. A copy of the
3      record of the fax transmission, which I printed out, is attached.

4  ☒  **By electronic service.**  Based on a court order or an agreement of the parties to
       accept electronic service, I caused the documents to be sent to the persons at the
5      electronic service addresses listed below.

6      Michael J. Jaurigue, Esq.                    *Counsel for Plaintiff*
       Ryan A. Stubbe, Esq.
7      JAURIGUE LAW GROUP
8      300 West Glenoaks Blvd., Suite 300
       Glendale, California 91202
9      Telephone: 818.630. 7280
       Facsimile: 888.879. 1697
10     michael@jlglawyers.com
       ryan@jlglawyers.com
11

12         I am readily familiar with the firm's practice of collection and processing
    correspondence for mailing and for shipping via overnight delivery service. Under that practice it
13  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
    deposited in an overnight delivery service pick-up box or office on the same day with postage or fees
14  thereon fully prepaid in the ordinary course of business.

15         I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct. Executed on July 23, 2020, at Fresno, California.
16

17

18                                                          Jennifer A. Drudge

19  4823-6640-1220.1 070993.1168

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2.

PROOF OF SERVICE